UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ANDREA L. VAN VORST, KENNETH
MAHNKEN, YVETTE SOTO, and MARTIN J.
WEINER,

                       Plaintiffs,

   -against-

LUTHERAN HEALTHCARE d/b/a LUTHERAN
MEDICAL CENTER,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

                          **DEFENDANT'S PROPOSED**
                          **VOIR DIRE QUESTIONS**

                          Docket No. 15 Civ. 1667 (LDH) (PK)

         Defendant, NYU Langone Hospital – Brooklyn, sued herein as Lutheran HealthCare

d/b/a Lutheran Medical Center, by its attorneys, Garfunkel Wild, P.C., respectfully requests that

the following questions be asked to jurors during voir dire:

### STANDARD CIVIL VOIR DIRE QUESTIONS

         1.       In order to be qualified to serve on a jury in this Court, a person must have certain

qualifying characteristics.  A juror must:

- Be a United States citizen;

- Be at least 18 years of age;

- Reside primarily in this District for one year;

- Be adequately proficient in English to satisfactorily complete the juror qualification form;

- Have no disqualifying mental or physical condition;

- Not currently be subject to felony charges punishable by imprisonment for more than one year; and

- Never have been convicted of a felony (unless civil rights have been legally restored)

Is there any one of you who does not meet these requirements?

2. This trial is expected to be approximately four weeks. Is there anything about the length or scheduling of the trial that would interfere with your ability to serve?

3. Are there any medical, personal or financial problems that would prevent you from serving on this jury?

4. Do any of you have a special need or require reasonable accommodations to assist in listening, paying attention, reading printed materials, deliberating, or otherwise participating as a fair juror? The Court will provide reasonable accommodations to your special needs but I will only be aware of any such needs if you let me know about them. My only purpose in asking you about these circumstances relates to your ability to serve as a juror. If you have any such request, please raise your hand and I will speak to you at sidebar.

5. The plaintiffs in this lawsuit are Andrea L. Van Vorst; Kenneth Mahnken; Yvette Soto; and Martin J. Weiner. They all live in Brooklyn. Do any of you know or think that you know any one of them?

6. The plaintiffs are all represented by Andrew Rozynski and David J. Hommel Jr. of the law firm of Eisenberg & Baum. Do any of you know or think you know these attorneys?

2

7.      The defendant in this case is NYU Langone Hospital – Brooklyn, formerly known as Lutheran Medical Center.  It is located in the Sunset Park section of Brooklyn.  Has anyone received health care services at any Lutheran facility or practice?  Has anyone had an experience – positive or negative – at Lutheran that they believe might affect their ability to be a fair and impartial juror?

8.      *Read names of potential witnesses.*  Do you know any of the potential witnesses?

9.      You may hear testimony in this lawsuit about other hospitals or health care providers near Lutheran in Brooklyn including New York Brooklyn Methodist Hospital, Maimonides Hospital, Coney Island Hospital, Kingsbrook Hospital, Brookdale Hospital, or Downstate Medical Center.  Does anyone work, or have had a close relative or friend work, for any of these hospitals?

10.      I have already briefly described the case.  Do you know anything about this case from any source other than what I've just told you?

11.      Have you or any family member or close friend ever filed a claim or a lawsuit of any kind?

12.      Has anyone ever filed a claim or a lawsuit against you or a member of your family or a close friend?

13.      Based on what I have told you, is there anything about this case, or the nature of the claims, that would interfere with your ability to be fair and impartial and to apply the law as instructed by the Court?

3

14.     Can you accept the law as explained by the Court and apply it to the facts regardless of your personal beliefs about what the law is or should be?

15.     Have you ever served on a trial jury before today in any state court or federal court?

16.     Do you know anyone in the jury box other than as a result of reporting here today?

17.     Would your verdict in this case be influenced in any way by any factors other than the evidence in the courtroom, such as friendships or family relationships or the type of work you do?

18.     Have you ever been a witness in a civil matter, regardless of whether it went to trial?

19.     Have you ever testified in any court proceeding?

## BIOGRAPHICAL QUESTIONS

*(The following should be asked of each potential juror, one by one, in the jury box)*

20.     You have answered a series of questions about civil trials and civil cases.  Now we would like to learn a little bit about each of you.

21.     Where do you live?  How long have you lived there?  Where were you born? Where did you grow up?

22.     What type of work do you do?

4

23.     Have you ever done any type of work that is substantially different from what you do now?

24.     Have you ever served in the military?

25.     What is your highest level of education?  Where did you go to school?

26.     Do you live with anyone?  What type of work do they do?

27.     Do you have any children who do not currently live with you?  How old are they? What do they do for a living?

28.     What television shows or programs do you watch on a regular basis?

29.     From what sources do you get the news?

30.     Do you use social media?  How often?  What programs/apps?

31.     By what methods do you use to communicate with friends or family who do not live with you?  Telephone?  Text?  Email?

32.     Do you have any hobbies?  What are they?

33.     What is the last book that you read?

## **DEFENDANT'S SPECIFIC PROPOSED QUESTIONS**

34.     Have you, a relative, or a close friend ever had any experience, either good or bad, with a hospital or any other health care provider, which would make it difficult for you to sit as an impartial juror in this case?

35. Have you, a relative, or a close friend ever been dissatisfied about the services they received at a hospital? If yes, did you, your relative or close friend complain? Did you or your relative or close friend sue the hospital?

36. Have you, a relative, or a close friend ever worked for hospitals, doctors, or other health care providers? Would this work make it difficult for you to sit as an impartial juror in this matter?

37. Have you, a relative, or close friend ever had a dispute with respect to a health care issue of any kind with a hospital, doctor, chiropractor, podiatrist, dentist, nurse, hospital employee, technician, or other person employed in the health care field? Would this dispute make it difficult for you to sit as an impartial juror in this matter?

38. Have you, a relative, or a close friend ever brought a claim against a hospital, doctor, chiropractor, podiatrist, dentist, or nurse for an injury allegedly caused by a hospital, doctor, chiropractor, podiatrist, dentist, or nurse? Would this make it difficult for you to sit as an impartial juror in this matter?

39. Do any of you have any special training in medicine or health care? What training do you have?

40. Do any of you have any special training in health care administration? What training do you have?

41. Do any of you have friends or relatives who are deaf or hard of hearing? Does this make it difficult for you to sit as an impartial juror in this matter?

6

42.     Do any of your friends or family members have a significant disability?

43.     Do you understand or are you able to communicate in American Sign Language? Would this make it difficult for you to sit as an impartial juror in this matter?

44.     Do you have any particular feelings, one way or another, regarding individuals who are deaf or hard of hearing?  Would these feelings make it difficult for you to sit as an impartial juror in this matter?

45.     Many people feel sympathy towards people who are deaf or hard of hearing or have other disabilities. Are you able to disregard this sympathy, be fair and impartial to all parties, and apply the law as instructed by the Court?

46.     Have you, or has any of your friends or family members, ever been subjected to discrimination due to race, gender, disability, age, or any other reason?  What was the basis for the discrimination?  Would this make it difficult for you to sit as an impartial juror in this matter?

47.     Do you have any feelings about whether or not our society is too litigious, that is, that people sue over things too often that they should not sue over?

48.     Would you have any reservations in finding for the defendant in this lawsuit if you find that one or more of the plaintiffs were dissatisfied with the service they received at the defendant's hospital, but the plaintiffs nevertheless failed to prove all of the elements of their claims?

49.     Do you believe that when a patient is dissatisfied with the services they received at a hospital, the hospital is automatically at fault?

50.     Do you believe that just because a patient is dissatisfied with the services that he or she received at a hospital, the patient is entitled to recover damages?

51.     Would you have any reservations in awarding no money damages, that is, a verdict of zero dollars to a plaintiff, if he or she failed to prove all aspects of his or her case under the law?

52.     Do you believe that just because someone files a lawsuit they automatically deserve something?

53.     The law requires that a plaintiff has to prove fault of a defendant before it is entitled to recover money damages from that defendant.  Do you have any difficulty accepting that concept?

54.     Would you be able to render a verdict in this case regardless of any sympathy you may have for either party if it was warranted by the law and evidence?

55.     Do you believe that given the fact that Lutheran is a hospital corporation, it should pay for plaintiffs' injuries, regardless of what the evidence shows?

56.     Based on what you know at this time, do you think that Lutheran should be punished for what happened in this lawsuit?

57.     There are four plaintiffs in this trial.  However, each plaintiff's case must be considered on its own.  Would you have any reservations in considering each plaintiff separately in arriving at your decision in this case?

8

58.     Would you be willing to consider each plaintiff separately in deciding what damages, if any, are appropriate for each plaintiff?

59.     There may be expert witness testimony in this case.  If there is, I will instruct you in more detail, but let me say for now that you do not have to accept their opinions, but you should consider their opinions with an open mind.  The expected field of expertise of these witnesses is linguistics, and in particular communication with deaf and hard of hearing individuals.  How do you feel about experts in that field?  Will you be able to evaluate their opinions fairly and with an open mind?  Why do you feel the way you do about this?

60.     Do any of you have any special training in law?  What training do you have?

61.     Can you give me an idea of how you go about making an important decision?  Do you make up your mind quickly about issues?

62.     Can you give me an example of an important decision you've made in the last several years?  How did you go about that?

63.     Have you ever made a decision that you later realized was wrong?  How did you discover that?  What did you do about it?

64.     In your job, how are decisions made that affect your work?  What kind of role do you play?

65.     Have there been times when you had to make a decision about something and you knew that it was not right, fair, or wise to let certain feelings or preconceived ideas that you had

9

influence with your decision?  And in those instances, were you able to recognize those feelings and keep them from influencing your thinking?

66.     When people serve as jurors, the law requires them to set aside any preconceived ideas or opinions they may have and to base their decisions only on what they see and hear at the trial.  Do you understand that?

67.     And do you understand that if you serve on a jury, you will have an obligation to set aside any preconceived ideas or opinions you have and to decide this case solely on the basis of the evidence presented at the trial and the rules of law given to you by the trial judge?  Will you be able to do that?

68.     Have you ever had to make a decision that you know was reasonable and correct but would disappoint a family member or close friend? How did you deal with that?

## OMNIBUS QUALIFICATION QUESTIONS

69.     Is there anything, whether or not covered in the previous questions, which would affect your ability to be a fair and impartial juror or in any way be a problem for you in serving on this jury?

70.     Is there anything else that you feel is important for the parties in this case to know about you?

*       *       *       *

Defendant reserves the right to propose additional voir dire questions at a subsequent date up to and including the time of trial.

10

5131318v.3

Dated: Great Neck, New York
        January 4, 2019

                                        GARFUNKEL WILD, P.C.
                                        *Attorneys for Defendant*

                                        By:_____
                                            Roy W. Breitenbach
                                            Marc A. Sittenreich
                                            Nicholas M. Summo
                                        111 Great Neck Road
                                        Great Neck, New York 11021
                                        (516) 393-2200

11