UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ANDREA L. VAN VORST, KENNETH
MAHNKEN, YVETTE SOTO, and
MARTIN J. WEINER,

**JURY INSTRUCTIONS**

Plaintiffs,

15-cv-1667 (ERK)

– against –

LUTHERAN HEALTHCARE d/b/a
LUTHERAN MEDICAL CENTER,

Defendant.

---

1   Ladies and Gentlemen of the Jury:

2        Now that the evidence in this case has been presented and the attorneys for

3   the parties have concluded their closing arguments, it is my responsibility to

4   instruct you as to the law that governs this case.

5        My instructions will be in three parts:

6        **First**, I will instruct you regarding the general rules that define and govern

7   the duties of a jury in a civil case such as this;

8        **Second**, I will instruct you as to the legal elements of the plaintiffs' claims;

9   and

10       **Third**, I will give you some general rules regarding your deliberations.

1

# I. **THE DUTIES OF THE JURY**

It is your duty to find the facts from all the evidence in this case. You are the sole judges of the facts, and it is therefore for you, and you alone, to determine the weight of the evidence, to resolve such conflicts as may have appeared in the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence. With respect to any question concerning the facts, it is your recollection of the evidence that controls.

Nothing I have said or done in the course of this trial should be taken by you as expressing any opinion on my part about any aspect of the facts of the case, the credibility of the witnesses, or the weight to be given by you to any of the evidence. You are the sole judges of the facts. On occasion, I may have asked questions of a witness. You should attach no special significance to these questions because they were asked by the Court.

My job is to instruct you on the law. You must apply the law in accordance with my instructions to the facts as you find them. While the lawyers may have commented on some of these rules, you must be guided only by what I instruct you about them. Moreover, you should not be concerned about the wisdom of any rule of law that I state. Regardless of any opinion you may have about what the law may be — or should be — it would be a violation of your oaths as jurors to base your verdict upon any other view of the law than that given to you in these

instructions. You may not follow some law and ignore others; you are bound to follow all of them.

## a. Parties Are Equal Before Court

This case should be considered and decided by you as an action between parties of equal standing in the community. All persons, and all institutions or entities stand equal before the law and are to be dealt with as equals in this court. All parties are entitled to equal consideration. No party is entitled to sympathy or favor. You must judge the facts and apply the law as I shall instruct you without bias, prejudice or sympathy to either the plaintiffs or the defendant, NYU Langone Hospital—Brooklyn, formerly known as Lutheran Medical Center (hereinafter referred to as the "Hospital").

## b. The Evidence

I wish to instruct you now as to what is evidence and how you should consider it.

1. **What is evidence**. The evidence upon which you are to decide what the facts are comes in several forms:

    i.    Sworn testimony of witnesses, both on direct and cross-examination and regardless of who called the witness.

    ii.    Exhibits that have been received by the court in evidence.

    iii.    Facts to which all the parties have agreed or stipulated.

2. **What is __not__ evidence**. Certain things are not evidence and are to be disregarded by you in deciding what the facts are:

    i.      Arguments or statements by lawyers are not evidence.

    ii.     Questions put to witnesses are not evidence.

    iii.    Objections to the questions or to offered exhibits are not evidence. In this regard, attorneys have a duty to their clients to object when they believe evidence should not be received. You should not be influenced by the objection or by my ruling on it. If the objection was sustained, ignore the question. If the question was answered before the objection was sustained, ignore the answer. If the objection was overruled, treat the answer like any other answer.

    iv.    Testimony that has been excluded, stricken or that you have been instructed to disregard is not evidence and must be disregarded.

    v.     Anything you may have seen or heard outside the courtroom is not evidence.

    vi.    Nothing I have said or done should be used by you in reaching a verdict.

    c.  **Deciding What Testimony To Believe**

In deciding what the facts are you must consider all the evidence that has been offered. In doing this, you must decide which testimony to believe and which

1 testimony not to believe. In making that decision there are a number of factors you

2 may take into account, including the following:

3    i.     The witness's opportunity to observe the events he or she described.

4    ii.     The witness's intelligence and memory.

5    iii.     The witness's manner while testifying.

6    iv.     Does the witness have any interest in the outcome of the case?

7    v.     Does the witness have any bias or prejudice concerning any party or

8         any matter involved in the case?

9    vi.     The reasonableness of the witness's testimony considered in the light

10         of all the evidence in the case.

11    vii.     If you find that a witness's testimony is contradicted by what that

12         witness has said or done at another time, or by the testimony of other

13         witnesses, you may disbelieve all or any part of the witness's

14         testimony. But in deciding whether or not to believe the witness, keep

15         this in mind:

16         a.     People sometimes forget things. A contradiction may be an

17               innocent lapse of memory or it may be an intentional falsehood.

18               Consider, therefore, whether it has to do with an important fact

19               or only a small detail.

1            b.      Different people observing the same event may remember it

2                          differently and therefore testify about it differently.

3       You may consider these factors in deciding how much weight to give to

4 testimony.

5      **d.   Interested Witnesses**

6       The plaintiffs and the representatives of the Hospital all testified during the

7 trial. All are what is referred to in the law as an "interested witness." The fact that a

8 witness is an "interested witness" does not necessarily make him less believable

9 than a witness who is not interested. It is for you to determine from the behavior of

10 such a witness while he testified and from your general experience in judging

11 people whether or not this testimony has been shaded or colored by his interest,

12 either intentionally or unintentionally.

13      **e.   Burden Of Proof**

14       As a general rule, in a civil action such as this, the plaintiff has the burden of

15 proving each of the essential elements of his or her claims by a preponderance of

16 the evidence. If the proof fails to establish any essential element of a plaintiff's

17 claim by a preponderance of the evidence, you should find for the Hospital on that

18 claim.

19       To establish a claim "by a preponderance of the evidence" means to prove

20 that something is more likely than not. In other words, a preponderance of the

evidence means such evidence that, when considered and compared with the evidence opposed to it, produces in your minds the belief that what is sought to be proved is more likely true than not true.

A preponderance of the evidence means the greater weight of the evidence. That does not mean the greater number of witnesses or the greater length of time taken by either side. This determination is based on the quality and persuasiveness of the evidence — the weight and effect it has on your minds.

In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is in balance or evenly divided between the parties, that it is equally probable that one side is right as it is that the other side is right, or that the evidence produced by a party having the burden of proof, a plaintiff, is outweighed by evidence against his or her claims, then you must decide that issue against that plaintiff. That is because the parties bearing the burden, in this case, the plaintiffs, must prove more than simply equality of evidence — the plaintiffs must prove the element at issue by a preponderance of the evidence. On the other hand, the plaintiffs need prove no more than a preponderance. So long as you find that the scales tip, however

1 slightly, in favor of a plaintiff — that what he or she alleges is more likely true

2 than not true — then the element will have been proved by a preponderance of the

3 evidence.

4 Some of you may have heard of proof beyond a reasonable doubt, which is

5 the proper standard in a criminal trial. That requirement does not apply to a civil

6 case such as this, and you should put it out of your mind.

7 f. **The Credibility Of The Witnesses**

8 You have heard evidence that at some earlier time a witness has said or done

9 something which counsel argues is inconsistent with the witness's trial testimony.

10 In making the determination as to how much of a witness's testimony to

11 believe, you may consider whether the witness purposely made a false statement or

12 whether it was an innocent mistake; whether the inconsistency concerns an

13 important fact, or whether it had to do with a small detail; whether the witness had

14 an explanation for the inconsistency, and whether that explanation appealed to

15 your common sense. It is exclusively your duty, based upon all the evidence and

16 your own good judgment, to determine whether the prior statement was

17 inconsistent, and, if so, how much, if any, weight to give to the inconsistent

18 statement in determining whether to believe all or part of the witness's testimony.

### g. **Expert Witnesses**

In this case, Judy Shepard-Kegl testified as an expert witness. You should weigh and evaluate the testimony of an expert witness precisely as you weigh the testimony of any other witness. You may reject the expert's opinion on any issue, including the reading ability of any plaintiff, if, after careful consideration of all the evidence in the case, expert or other, you disagree with the opinion. In other words, you are not required to accept an expert's opinion to the exclusion of the facts and circumstances disclosed by other testimony. Such an opinion is subject to the same rules concerning reliability as the testimony of any other witness. It is given to assist you in reaching a proper conclusion. It is entitled to such weight as you find the expert's qualifications in her field warrant and must be considered by you, but not controlling upon your judgment.

The relationship between a party and his or her expert witness is a factor you may consider in judging the credibility and weight to be given to the testimony of that witness. Such a relationship, however, does not mean that the witness was untruthful. The opinions stated by the expert who testified before you are based on particular facts, as the expert herself observed and then testified to before you, or as the attorney who questioned her asked her to assume.

## II. SUBSTANTIVE LAW

### a. <u>Elements Of Liability For Discrimination</u>

The plaintiffs have brought discrimination claims for damages against the Hospital. To succeed on his or her claim, each plaintiff must prove the following elements by a preponderance of the evidence:

      1. That the plaintiff has a disability;

      2. That the Hospital owns, leases, or operates a place of public accommodation; and

      3. That the Hospital discriminated against the plaintiff.

All parties agree that each of the plaintiffs is deaf, and thus each has a disability; and that the Hospital is a public accommodation. Because the parties agree on these facts, the law requires that you accept the first two elements listed above as proven.

However, the third element listed above, discrimination, is disputed by the parties, and requires your determination. Thus, you must determine, <u>separately as to each plaintiff</u>, whether each plaintiff has proven, by a preponderance of the evidence that the Hospital discriminated against him or her, based on the following definition of discrimination.

## 1. Discrimination

The Hospital was required to make reasonable accommodations to enable disabled patients to enjoy the benefits that the Hospital normally makes available to its patients. The Hospital discriminated against a plaintiff if, because of the plaintiff's disability, the Hospital, either directly or indirectly, treated the plaintiff less well by not providing him or her with any appropriate auxiliary aids and services that were necessary to ensure that he or she could effectively communicate with the Hospital's physicians and staff in order to participate in his or her medical care. Effective communication is a two-way street, requiring all parties to be able to receive information from, and convey information to, one another. Even if a plaintiff did not request any auxiliary aids or services, the Hospital was still obliged to provide them to the plaintiff if the plaintiff's need for them was obvious.

Whether the Hospital discriminated against a plaintiff does not depend on the health outcome resulting from the plaintiff's medical treatment, nor on whether the plaintiff would have experienced a better health outcome if he or she were not disabled. The Hospital was not required to provide the plaintiffs with the best possible means of communication, nor the most efficient means of communication, nor the plaintiffs' preferred means of communication. Rather, the Hospital was required to provide the plaintiffs with equal access to and participation in their own

1 medical treatment. Stated another way, in order for aids, benefits, or services to be

2 equally effective, they are not required to produce the identical result or level of

3 achievement for disabled and nondisabled persons, but must afford disabled

4 persons the *opportunity* to obtain the same result, to gain the same benefits, or to

5 reach the same level of achievement.

6 On Monday, during the course of the trial, I told you that the Hospital had to

7 provide VRI that works. This was not an entirely accurate statement. Ensuring

8 effective communication is the legal requirement—VRI is one way to ensure

9 effective communication, provided that it functions properly.

10 There is no *per se* rule that sign language interpreters are always mandated

11 or are required upon request. Nor does the law require healthcare providers to

12 supply any and all auxiliary aids even if they are desired and demanded. The law

13 provides that the type of auxiliary aids will vary depending upon the

14 circumstances.

15 Specifically: the type of auxiliary aid or service necessary to ensure effective

16 communication will vary in accordance with the method of communication used

17 by the individual; the nature, length, and complexity of the communication used by

18 the individual, and the context in which the communication is taking place.

1    So, for example, here is an illustration that is not itself a part of the law, and

2    is not factually similar to the facts in this case:

3    • Patient goes do his doctor for a bi-weekly check-up, during which the

4        nurse records Patient's blood pressure and weight. Exchanging notes

5        and using gestures are likely to provide an effective means of

6        communication at this type of check-up. BUT: Upon experiencing

7        symptoms of a mild stroke, Patient returns to his doctor for a thorough

8        examination and battery of tests and requests than an interpreter be

9        provided. Patient's doctor should arrange for the services of a

10       qualified interpreter, as an interpreter is likely to be necessary for

11       effective communication with Patient, given the length and

12       complexity of the communication involved.

13   In all circumstances, it is up to you, the jury, to determine, given the facts as

14   you find them, whether or not there was effective communication.

15   If effective communication required an interpreter, the interpreter needed to

16   have sufficient skill to ensure effective communication, but was not specifically

17   required to have any formal credentials or certifications. The Hospital could have

18   fulfilled its obligation by providing sufficiently skilled interpreters via a Video

19   Remote Interpreting ("VRI") system, but only if there was:

- Real-time, full-motion video and audio that delivered high-quality video images that did not produce lags, choppy, blurry, or grainy images, or irregular pauses in communication;

- A sharply delineated image that was large enough to display the interpreter's face, arms, hands, and fingers, and the participating individual's face, arms, hands, and fingers, regardless of his or her body position;

- A clear, audible transmission of voices; and

- Adequate training to users of the technology and other involved individuals so that they may quickly and efficiently set up and operate the VRI.

The Hospital was permitted to rely on an adult accompanying a plaintiff to interpret or facilitate communication, as long as such assistance was given at the plaintiff's request, the accompanying adult agreed to provide it, and reliance on that adult for such assistance was appropriate under the circumstances. Such reliance on an accompanying adult was also permitted if there was an emergency involving an imminent threat to the safety or welfare of an individual or the public and there was no interpreter available.

### b. <u>Damages</u>

If you find that a plaintiff has proved, by a preponderance of the evidence, all of the elements of his or her claim, you must then decide the issue of damages, <u>separately as to each plaintiff</u>. However, you should not infer that any plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the Hospital discriminated against some or all of the plaintiffs.

When determining the amounts of any damages:

- <u>Do Not Consider Attorneys' Fees</u>: Applicable law provides for a separate award of attorneys' fees to any plaintiff who you find was discriminated against by the Hospital. The award of attorneys' fees in such circumstances is a matter to be determined by the Court. Accordingly, if you award any damages to any plaintiff, you should not take into consideration attorneys' fees.

- <u>Do Not Consider Federal Income Tax</u>: If you make any award of damages, such award may not be subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.

1    Should you decide that a plaintiff has proved his or her claim, you must

2    consider awarding three types of damages: compensatory damages, nominal

3    damages, and punitive damages.

4         i.    **Compensatory Damages**

5    The purpose of compensatory damages is to award just and fair

6    compensation for the loss, if any, which resulted from a defendant's violation of a

7    plaintiff's rights. Compensatory damages seek to make the plaintiff whole—that is,

8    to compensate the plaintiff for the damage that the plaintiff has suffered as a result

9    of the defendant's unlawful actions.

10   In this case, the plaintiffs are seeking compensatory damages for emotional

11   distress, which may include mental anguish, humiliation, embarrassment,

12   inconvenience, frustration, or any other emotional pain or suffering. If you find

13   that the Hospital discriminated against a plaintiff, then you must award him or her

14   such money as you believe will fairly and justly compensate the plaintiff for any

15   emotional distress sustained as a direct consequence of the conduct of the Hospital.

16   I would like to emphasize, as plaintiffs' counsel acknowledged in his

17   opening statement, that this is not a medical malpractice lawsuit, and the Plaintiffs

18   are not challenging the sufficiency of their medical care and treatment at Lutheran

19   Medical Center. Indeed, the plaintiffs have not provided medical expert testimony

20   to assist you in assessing the connection, if any, between the actions of Lutheran

health care providers and the medical conditions or physical pain that any of the plaintiffs may or may not have suffered. Therefore, you are not to consider any testimony regarding the medical conditions that any of the plaintiffs claim to have suffered in awarding, or not awarding, money damages to them.

Nor are you allowed to consider any emotional distress experienced by a plaintiff in connection with the litigation of their present lawsuit.

The damages that you award must be fair and reasonable, neither inadequate nor excessive. You may not award them based on speculation or sympathy. Instead, they must be based on the evidence presented at trial. You should not award compensatory damages for speculative harm, but only for that harm that the plaintiff has actually suffered. In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require the plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

### ii. Nominal Damages

If you find that the Hospital discriminated against a plaintiff, but do not find that the plaintiff could recover any compensatory damages, then you must return a

1   verdict for the plaintiff on her claim for nominal damages in the amount of $1.00.

2   Nominal damages are the law's way of recognizing that civil rights must be

3   observed even when their violations have not been shown to have caused actual

4   harm.

5       ### iii.   Punitive Damages

6       If you find that the Hospital violated a plaintiff's rights, then you may, but

7   are not required to, award that plaintiff punitive damages. Punitive damages are

8   intended to address gross or exceptional misbehavior that exceeds mere

9   carelessness or negligence. Thus, punitive damages may only be justified—and

10  thus may only be awarded—if the plaintiff proves, by clear and convincing

11  evidence, that the Hospital discriminated against that plaintiff with willful or

12  wanton negligence, or recklessness, or a conscious disregard of the plaintiff's

13  rights, or conduct so reckless as to amount to such disregard.

14      Because the plaintiff must prove that punitive damages are justified by clear

15  and convincing evidence, you may only award punitive damages if you find that

16  there is a high degree of probability that they are justified, as I have defined such

17  justification for you above. This is a higher burden of proof than the preponderance

18  of evidence standard that applies to all of the other issues in this case. If, upon all

19  the evidence, you are satisfied that there is a high probability that punitive damages

20  are justified, as I have defined such justification for you, you may award punitive

damages. If you are not satisfied that there is a high probability that punitive damages are justified, you must not award them.

In sum, punitive damages represent punishment for wrongful conduct that goes beyond mere carelessness or negligence, and are warranted only where aggravating factors demonstrate an additional level of unlawful conduct. Like the criminal law, they are intended to punish a defendant and to deter others from committing such conduct in the future, and not to compensate the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. In arriving at your decision as to the amount of punitive damages you should consider the nature and reprehensibility of what the Hospital did. That would include the character of the wrongdoing, including whether the Hospital's conduct demonstrated an indifference to, or a reckless disregard of, the health, safety or rights of others, whether the Hospital's conduct was done with an improper motive or vindictiveness, whether the conduct constituted outrageous or oppressive intentional misconduct, how long the conduct went on, and the Hospital's awareness of what harm the conduct caused or was likely to cause. You may, in determining the amount of any award of punitive damages, consider the fact that the Hospital merged with NYU Langone Hospital and that NYU has changed the practices of which the plaintiffs complain.

The amount of punitive damages that you award must be both reasonable and proportionate to the actual and potential harm suffered by the plaintiff receiving the award, and to the compensatory damages you awarded that plaintiff. The reprehensibility of the Hospital's conduct is an important factor in deciding the amount of punitive damages that would be reasonable and proportionate in view of the harm suffered by the plaintiff and the compensatory damages you have awarded the plaintiff.

## III.  <u>CLOSING INSTRUCTIONS</u>

You are entitled to your own opinion, but you should exchange views with your fellow jurors and listen carefully to each other. While you should not hesitate to change your opinion if you are convinced that another opinion is correct, your decision must be your own.

I remind you, if it is not already clear, that you must render a separate verdict as to each plaintiff, and any verdict that you reach as to that particular plaintiff, must be unanimous.

If it becomes necessary during your deliberations to communicate with me, you may send a note by a Marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing; and I will never communicate

1   with any member of the jury on any subject touching on the merits of the case,

2   otherwise than in writing, or orally here in open court.

3        All of the testimony has been transcribed, and if you wish to review any part

4   of it, please make a specific request through a signed note by the Marshal.

5        Similarly, if you wish to see any of the exhibits in evidence, you may make

6   the request by note to the Marshal and I will send the exhibit to you.

7        You will note from the oath about to be taken by the Marshal that he, too, as

8   well as all other persons, is forbidden to communicate in any way or manner with

9   any member of the jury on any subject touching on the merits of the case.

10       Your oath sums up your duty—and that is, without fear or favor you will well

11  and truly try the issues between these parties according to the evidence given to you

12  in court and the laws of the United States.